IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WALTER JAMAR AVERY, ) | |
| AIS 184038, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 3:23-cv-131-RAH-CSC |
| ) | (WO) |
| SCOTT PATRICK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.  INTRODUCTION**

This case is before the court on a *pro se* 42 U.S.C. § 1983 complaint filed by Walter Jamar Avery, a frequent federal litigant currently incarcerated at the Lee County Detention Center in Opelika, Alabama. Doc. 1. Avery alleges that various state actors violated his rights under the U.S. Constitution when criminal charges against him were not dropped as provided in a plea agreement underlying his 2019 probation revocation. *Id*. at 2–3. The relief requested by Avery includes compensation "for days held under supposedly dropped charges," dismissal of the charges, and removal and replacement of those persons who violated his constitutional rights. *Id*. at 4.

**II.  DISCUSSION**

Avery has moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 3. However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauper*is if he "has, on 3 or more occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] An inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a "serious physical injury" when he filed the complaint may not proceed *in forma pauperis* and must pay the filing and administrative fees upon initiation of his case.[2] *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." *Id*.

Court records establish that Avery, while incarcerated or detained, has, on at least three occasions, had civil actions dismissed under the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim or for asserting claims against defendants immune from suit.[3] The cases on which the court relies in finding a § 1915(g) violation by

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998), the Eleventh Circuit held that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent-filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the U.S. Supreme Court abrogated *Rivera* but only to the extent *Rivera* required an inmate to plead or demonstrate exhaustion of remedies in his complaint. *Jones*, 549 U.S. at 216.

[2] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). In addition, as of December 1, 2016, the Judicial Conference imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14.

[3] In determining whether Avery has three strikes, this court takes judicial notice of its own records. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

Avery include: (1) *Avery v. Camp*, Civil Action No. 3:02-cv- 81-WHA (M.D. Ala. 2002); (2) *Avery v. Brown*, Civil Action No. 3:02-cv-82-MHT (M.D. Ala. 2002); and (3) *Avery v. Kirby*, Civil Action No. 3:06-cv-960-WKW (M.D. Ala. 2006).

Because Avery has three strikes, he may not proceed *in forma pauperis* unless he demonstrates he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013). "General allegations" not grounded in specific facts "are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

The court has carefully reviewed Avery's complaint. His claims do not allege or in any way indicate that he "is under imminent danger of serious physical injury," as required to meet the imminent danger exception to applying 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999). Consequently, the court concludes that Avery's motion for leave to *proceed in forma pauperis* is due to be denied and this case summarily dismissed without prejudice for Avery's failure to pay the requisite filing and administrative fees upon initiation of the case. *Dupree*, 284 F.3d at 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice

3

when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he initiates the suit.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Avery (Doc. 3) be DENIED.

2. This case be DISMISSED without prejudice for Avery's failure to pay the full filing and administrative fees upon initiation of this case.

It is further ORDERED that by April 12, 2023, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 29th day of March, 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE